(April 9, 1964)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DANIEL ROGERS, Appellant.

WILLIAMS, P. J. (dissenting). The defendant's petition for a writ of error *coram nobis* was denied without a hearing. The petition sets forth two contentions; the first, that he was not permitted the right of counsel at the time of arraignment. We shall dispose of this quickly by stating that the irrefutable documentary evidence clearly shows that he was represented by counsel, who was present at the time of his arraignment and plea. (*People* v. *Richetti*, 302 N. Y. 290.)

The second contention presents a more serious problem. The defendant claims that he voluntarily surrendered to the police and that, "immediately upon giving himself up", he requested the right to contact a lawyer but the police denied his request. Thus, he claims, he was denied effective assistance of counsel for the purpose of advising and informing him of his rights, nor was he informed of his rights. He was held, he states, incommunicado for 54 days without counsel and was refused permission to make even one telephone call. Although it is not so stated in the petition, his counsel argued upon this appeal and it is contended in his brief that during the time that he was held incommunicado he signed a confession. It is conceded in the brief of the District Attorney that it was signed on September 14 and that in it he admitted the slaying. Of course, it follows that if he surrendered himself on September 13 and "immediately upon giving himself up" requested the right to obtain a lawyer and he did not sign a confession until the following day, the confession was signed after he requested and was denied the right to obtain and consult counsel.

He subsequently appeared upon arraignment on a first-degree murder charge and entered a plea of guilty to murder in the second degree.

In our opinion, there should have been a hearing to develop the facts and explore the defendant's second contention. Ultimately it may be determined that he is not entitled to relief, but the petition should not have been dismissed summarily. It may be true that nothing was said in the lower court about the confession at the time the matter was presented and, as we have said, it is not alleged in the petition. But we now have been apprised of it, and we see no necessity of affirming the order and putting him to the task of presenting another petition and perhaps going through another appeal when all of the material facts are before us either in the petition or by concession and can now be fully explored upon a hearing.

The probabilities are that if he had received the advice of a lawyer when requested he would not have signed the confession. Without the confession he might not have been indicted (the reason stated for the acceptance of a plea to a lower degree was that " there were no eyewitnesses to the crime itself "). Further, even if there were a validly procured indictment, without the confession he might not have been advised by his assigned attorney to plead guilty

even to the reduced charge had he and the attorney not known that they would be confronted with the alleged confession at the time of trial. The confession, if true and voluntary, discloses clearly that the defendant killed his wife. So it seems that he may have been deprived of the valued right of counsel at a very important preliminary stage of the proceeding against him. In short, all of his problems stem from his deprivation of his right to counsel.

In *People v. Donovan* (13 N Y 2d 148) a conviction was reversed because a confession was taken from Donovan after the police had refused to allow an attorney, retained for him by his family while he was in custody, to see or speak with him (p. 151). The case of *People v. Noble* (9 N Y 2d 571) reversed a conviction where the defendant was questioned after he had asked to speak to a lawyer. Also, when he asked if he was compelled to answer questions before he consulted a lawyer, he was not given an answer. Thus, the important point is not necessarily that a confession was given but that the defendant did so after he was refused the right to consult counsel.

We are not unmindful of cases such as *People v. Howard* (12 N Y 2d 65) and *People v. Nicholson* (11 N Y 2d 1067), where it is held or inferred that a defendant may not challenge a conviction in a post-conviction proceeding when he could have challenged it upon a trial, but those cases deal primarily with the question of whether the confession was coerced or voluntary and not with the fundamental constitutional question of whether he had been deprived of the benefit of his right of counsel at all stages of a criminal proceeding if requested by him. (See *Gideon v. Wainwright*, 372 U. S. 335.) In *Howard* and similar cases the decisions turned on the fact that he could have challenged the confession at trial but did not do so. That question is quite different from the one now before us. *Nicholson* was decided on the well-established theory that the voluntariness of a confession may not be raised in *coram nobis* after a knowledgeable and voluntary plea of guilty has been entered. The denial of the right of counsel was not before the court.

In the very recent case of *People v. Liss* (14 N Y 2d 570) in a *coram nobis* proceeding the defendant sought to attack a confession which had been used against him in the trial of the action. "Extensive cross-examination was allowed at the trial of the witness on whose testimony the introduction of the confession was based, and counsel for defendant took such procedural steps relating to the confession as they deemed proper." The judgment of conviction for murder in the second degree had been affirmed on a direct appeal. The court said: "No basis for an entirely new examination into the subject of the conditions under which the confession was taken now exists." The significant statement in the brief memorandum is: "One adequate examination into a purported deprivation of constitutional rights, either by our own exacting standards in New York or by the criteria established by the Supreme Court of the United States * * * is sufficient to the purpose." It was held, therefore, that no hearing was required. In the present case the defendant has not had "one adequate examination" as to the propriety of the confession, not necessarily because it was involuntary but because it was in deprivation of his right to obtain counsel.

The order should be reversed and a hearing directed on the defendant's second contention.

Bastow, Henry and Noonan, JJ., concur in decision; Williams, P. J., dissents and votes to reverse and remit for a hearing, in opinion in which Goldman, J., concurs.

Order affirmed.